UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALEO ELECTRICAL SYSTEMS,
INC., WIPERS DIVISION,

    Plaintiff,

v.

Case No. 08-12486
HONORABLE SEAN F. COX

CLEVELAND DIE &
MANUFACTURING COMPANY,

    Defendant.
_____/

## ORDER FOR SUPPLEMENTARY BRIEFING

Oral argument was held on April 2, 2009 on Plaintiff Valeo Electrical Systems, Inc.'s ("Valeo") Motion for Summary Judgment [Doc. No. 19]. Valeo argues that Defendant Cleveland Die & Manufacturing Company ("Cleveland Die") is judicially estopped from denying both the existence and amount of liability owed to Valeo based upon Cleveland Die's purported litigation posture in a prior related matter ("the Hall Steel case").

At the April 2, 2009 hearing, counsel for both parties directed the Court's attention to the amended arbitration award in the Hall Steel case [Pl.'s Ex. 9]. That document references an "Exhibit 21," which the arbitrator states "set[s] out the reasons why additional funds were not owed [by Cleveland Die]." *Id*. at 2. Though Plaintiff's counsel was unclear as to the contents of "Exhibit 21" in the Hall Steel case, defense counsel argued that the document referenced was a letter dated May 2, 2006 from a Mr. Vladamir Haoui at Cleveland Die to a Mr. James Gaylord at Valeo ("the May 6, 2006 Letter").

The May 6, 2006 Letter sets out in detail Cleveland Die's claims that Valeo's warranty

1

liability pertinent to this case was disputed by Cleveland Die.  Specifically, Cleveland Die argues that design issues were to blame for the failure of W-Car Brackets pertinent to this case, not solely the allegedly defective steel at issue in the instant action.

Plaintiff's counsel argues that "Cleveland Die repudiated that [May 6, 2006] letter" in the Hall Steel case. [Tr. of April 2, 2009 Hearing].  In support of that argument, Plaintiff's counsel relies primarily upon a brief filed by Cleveland Die in the Hall Steel case [*See* Pl.'s Ex. 8, p.2]. In that document, Cleveland Die argued that "[n]either the probability of these damages [owed to Valeo], nor the amount of these damages is in doubt." *Id.*  Plaintiff's counsel argues that, "in making this statement they were repudiating or attempting to repudiate the May 6th letter. . . ." [Tr. of April 2, 2009 Hearing].

Given the fact that these arguments by counsel for both parties were only raised for the first time at the April 2, 2009 hearing, the Court **ORDERS** both parties to file supplementary briefing.

Specifically, both parties are instructed to address the following issues: 1) whether the "Exhibit 21" referenced in the Hall Steel case's amended arbitration award is, in fact, the May 6, 2006 letter; 2) if so, whether the arbitrator's referencing of the May 6, 2006 letter in his amended arbitration award demonstrates the intention by Cleveland Die in the Hall Steel case to not waive Cleveland Die's right to contest their potential liability to Valeo; and 3) whether Cleveland Die repudiated, or attempted to repudiate, the May 6, 2006 letter in their motion *in limine* brief filed in the Hall Steel case [Pl.'s Ex. 8], or in any other filing during the Hall Steel case.

Supplementary briefs are due no later than **Friday, May 1, 2009**, and shall be limited to no more than **ten pages** in length.

Both parties are further **ORDERED** to attach highlighted exhibits claimed to support the arguments made within their supplementary briefs.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 17, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 17, 2009, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager