UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALEO ELECTRICAL SYSTEMS, INC., WIPERS
DIVISION,
            Plaintiff,

vs.
         Case No. 08-cv-12486
         DISTRICT JUDGE SEAN F. COX
         MAGISTRATE JUDGE STEVEN D. PEPE

CLEVELAND DIE & MANUFACTURING COMPANY,
            Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION (DKT. #35)**

On April 1, 2009, Defendant moved to compel proper responses to its Requests to Produce pursuant to Fed. R. Civ. P. 34(b)(2)(E)(i) (Dkt. #35).  Defendant's motion was referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A) (Dkt. #36).  A June 5, 2009, hearing was held on Defendant's motion.  The Court subsequently held a follow-up hearing on June 17, 2009, at which time Plaintiff's counsel and the lead IT attorney in his firm provided the Court and defense counsel with additional information and a demonstration of how a three page index and supplemental Excel spreadsheet index related to the electronic document production. For the reasons stated on the record and indicated below, Defendant's motion is **DENIED**.

On October 7, 2008, Cleveland Die served Valeo with its First Set of Interrogatories, Request for Production of Documents, and Request for Admissions (Dkt. #42, Ex. 5).  Though it objected to many of Cleveland Die's requests, Valeo produced over 270,000 pages of documents as of April 15, 2009.  As permitted by Rule 34(b)(2)(E), Valeo produced documents as "kept in the usual course of business."  Valeo produced emails and other electronically stored information ("ESI") in the order that they were found on the hard drive of each document's custodian. Valeo produced email attachments directly following the corresponding email.  Where a paper

document was stored in a folder or in a tabbed binder, Valeo produced the document in the order that it was stored in the folder, along with a scanned image of the folder or identifying tabs. Valeo produced these documents — as agreed by the parties — in searchable 'PDF' format that is readable in the Adobe Acrobat system.  Eleven discs were initially produced, and apparently supplemental discs now total fifteen.

To assist Cleveland Die in interpreting and sorting documents, Valeo has now provided Cleveland Die with two indices. The first is a short three page table indicating the custodian for each Bates range of documents and identifying certain specific documents.  This index was referred to in Plaintiff's April 15 Response to this motion (Dkt. #42 at. p. 5) and attached to Plaintiff's June 4 supplemental submission (Dkt. 57, Ex. A).

The second index is a many paged Excel spreadsheet provided to the Court after the June 5 hearing on this motion.  This is a searchable spreadsheet index, that can also be sorted or modified into separate files, which describes the origin of all ESI: (i.) by Bates number range for each document; (ii.) the directory and, where applicable, a file name identifying where it was stored; (ii) the document name or title or "re:" line for emails containing such; and (iii) the estimated date the document was created or modified.  The many attachments in this spreadsheet follow immediately the document or email to which they relate, and again the Bates numbers parallel those in the three page index so the source or Valeo employee from whose computer the documents were obtained can be identified for each grouping of documents.

At the June 5 hearing, concern was expressed that when the metadata was omitted – by agreement – this commonly omitted file names or other identifying data for documents.  The Index and more particularly the extensive Excel spreadsheet restored much of this metadata and

files names to the extent they existed in the Valeo files as kept in the ordinary course of business. The June 5 Excel spreadsheet that was provided to the Court and defense counsel only covered discs 1-4. At the June 17 followup hearing in Detroit, the Excel spreadsheet for discs 5-15 was provided to defense counsel and was used to demonstrate how it was arranged and how it could be searched and used to help identify the underlying documents produced on the 15 CD's. [1]

In the present motion, Cleveland Die states that it must "manually open each and every electronic file on each of the [15] CDs produced"; that it must "ope[n] and revie[w] each of the thousands of individual electronic files"; and, most troubling, that Valeo named each of the files "innocuously" in an attempt to frustrate its review of the documents. Cleveland Die requests that Plaintiff's organize the data into the twenty-eight (28) specific categories of the document production request.

Under Federal Rule of Civil Procedure 34(b)(2)(E)(i), a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." The responding party can choose whether to produce the documents as they are kept in the usual course or label and organize them. *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594, 598 (E.D. Wisc. 2004); *see also Ak-Chin Indian Community v. U.S.*, 85 Fed. Cl. 397, 399 (2009) ("Under RCFC 34, the producing party has the option of electing one of the two options for production authorized by the Rule. *See, e.g.*, *In re Adelphia Comm. Corp.* (*In re Adelphia*), 338 B.R. 546, 550-52 (Bankr. S.D.N.Y. 2005) (discussing the application of Federal Rule of Civil Procedure (FRCP) 34(b))").

---

[1] Plaintiff's counsel indicates that this supplemental Excel spreadsheet for the remaining discs was offered to defense counsel prior to the June 17 hearing.

The party arguing that it produced documents as they were kept in the usual course of business bears the burden of showing that the documents were so kept. *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 618 (D.Kan.2005).

A party demonstrates that it has produced documents in the usual course by revealing information about where the documents were maintained, who maintained them, and whether the documents came from one single source or file or from multiple sources or files. *See Nolan, LLC v. TDC Int'l Corp.*, No. 06-CV-14907-DT, 2007 WL 3408584, at *2 (E.D. Mich. 2007) (Majzoub, Magistrate Judge). A party produces emails in the usual course when it arranges the responsive emails by custodian, in chronological order and with attachments, if any. *MGP Ingredients, Inc. v. Mars, Inc*., No. 06-2318-JWL-DJW, 2007 WL 3010343, at *2 (D. Kan. 2007). For non-email ESI, a party must produce the files by custodian and by the file's location on the hard drive—directory, subdirectory, and file name. *Id.*

Here, Plaintiff's counsel demonstrated at the June 17, 2009, hearing that the documents were produced "as they are kept in the usual course of business" under Federal Rule 34(b)(2)(E)(i). There is no indication that any document or file names used at Valeo were modified in the extensive production. In addition to the documents produced in PDF format, the Plaintiff produced on June 17 an updated and apparently final searchable Excel spreadsheet with certain relevant metadata displayed in an index that revealed the file names for files and emails to the extent they exist at Valeo. The documents Bates stamped in order by custodian, and in an estimated chronological order. If the employee kept a hard copy binder of responsive documents, that was also produced in ESI format. The Index shows that an important Valeo witness, Jeff Shey, had a hard copy of 382 pages in a binder that is stored on Disc 8 produced to

defense counsel. These two indices may be the nearest thing approaching a "magic decoder ring" and defense counsel may consider it of no more help than the Rosetta Stone leaving him and his associates hours of work ahead to comb through what was previously undecipherable hieroglyphics on the 15 discs. Nonetheless, all ESI documents produced are searchable in Adobe and/or other commercially available litigation search programs. Following Plaintiff's counsel's demonstration on June 17, it is determined that this production, including the supplemental Excel spreadsheets provided on June 17 satisfies Valeo's Rule 34 burden and the parties' agreement following the Rule 26(f) conference.

Accordingly Valeo has no duty to further organize or label the documents. Rule 34 and the relevant case law are quite clear: once a party demonstrates that it has produced documents as they are kept in the usual course of business, it has no further duty under Rule 34 or otherwise, absent some exceptional circumstances not present in this case, to organize and label the documents. *Hagemeyer*, 222 F.R.D. at 598 ("[A]ccording to the plain language of Rule 34, a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.").

To require more would impose an unfair burden on the producing party:

> Requiring further that these requested materials be segregated according to the requests would impose **a difficult and usually unnecessary additional burden on the producing party**. . . . Such an undertaking would usually not serve any substantial purpose, and it could become quite burdensome if considerable numbers of documents were involved.

Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2213 (2d 1994) (emphasis added). Worse, to insist that a party rename, or disassemble and reassemble its files before production would set a troublesome precedent, "invit[ing] claims of the very sort of 'hiding' of

materials that gave rise to the 1980 amendment." *See id.*

Only in "exceptional circumstances" have some courts compelled a producing party to further organize its documents. *See 3M Co. v. Kanbar, MK*, No. C06-01225 JW, 2007 WL 1725448, at *2 (N.D. Cal. 2007). A large volume of documents does not, without more, justify imposing additional organizational burdens on the producing party. *Id.* Here, Defendant has not demonstrated any exceptional circumstances warranting Plaintiff to produce anything further now that the supplemental Excel Index has been produced along with the earlier short table indicating the custodian and Bates number range.

Defense counsel did not specifically raise at the June 5 or 17 hearings the issue of specific Requests to Produce, including Request to Produce No. 11, and it is assumed those matters are now resolved. If they are not resolved, defense counsel should notify my Case Manager, Jermaine Creary, at 734-741-2298 to schedule a telephonic hearing on this issue.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: June 17, 2009                                         s/Steven D. Pepe
Ann Arbor, Michigan                                         United States Magistrate Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 17, 2009 .

                                            s/Jermaine Creary
                                            Interim Case Manager