UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VALEO ELECTRICAL SYSTEMS, | Case No. 08-12486 |
| Plaintiff, | Sean F. Cox<br>United States District Judge |
| vs. | |
| CLEVELAND DIE AND,<br>MANUFACTURING COMPANY, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant. | |
| _____ / | |

**ORDER REGARDING PLAINTIFF'S MOTION TO
EXCLUDE DEFENDANT'S EXPERT WITNESS (Dkt. 45)**

### I.    PROCEDURAL HISTORY

The present complaint was initially filed in Wayne County Circuit Court and removed to federal court by defendant on June 10, 2008. (Dkt. 1). The complaint, generally, alleges that plaintiff contracted with defendant to produce certain parts which plaintiff used in making components for automotive parts and that the parts produced by defendant did not meet the contractual requirements. Plaintiff is seeking money damages from defendant for breach of warranty and indemnification. (Dkt. 1).

1

On August 22, 2008, a scheduling order was issued requiring, among other things, that expert witnesses must be identified by the parties by March 6, 2009. (Dkt. 14). The parties subsequently stipulated to extend the date for identifying expert witnesses to April 6, 2009. (Dkt. 29). On April 6, 2009, plaintiff identified its expert witness and provided a report from that witness, however, defendant only provided the name of its expert witness and did not include a report from the witness. (Dkt. 45, p. 7).

The present motion was filed on April 20, 2009. (Dkt. 45). In the motion, plaintiff seeks to exclude defendant's expert from testifying in the trial of this matter as a sanction for not providing the report of the expert witness in a timely fashion. *Id.* Defendant filed a response to the motion on April 27, 2009, opposing the relief sought for the reason that plaintiff's failure to provide discovery "impeded" defendant's ability to produce the expert's report and that plaintiff has not suffered any real prejudice because the trial was not scheduled until 2010 and defendant was willing to extend discovery to allow for discovery of its expert witness after the scheduled close of discovery. (Dkt. 46). Plaintiff filed a reply brief on May 6, 2009. (Dkt. 51). On June 17, 2009, defendant supplemented its opposition to plaintiff's motion. (Dkt. 61). On June 26, 2009, the scheduling order was amended to provide for a discovery cut-off date of August 17, 2009, and a trial

date of March or April of 2010. (Dkt. 65). Oral argument, via conference call, was conducted on August 11, 2009.

## II.  ANALYSIS AND CONCLUSION

While the disclosure of an expert witness, in the absence of a stipulation or court order, must be made at least 90 days before trial, in this case, there is an order requiring that the disclosure of the expert witness be made by April 6, 2009. Fed.R.Civ.P. 26(a)(2)(C). When the disclosure of the expert is made, the rules require that a report of that expert be provided to the opposing party. Fed.R.Civ.P. 26(a)(2)(B). While an order of the court could conceivably separate the disclosure of the name of the expert witness from the production of the report, no order of that kind was entered in this case.

The rules provide for a possible sanction where a party fails to identify a witness as required and that sanction could include not allowing the offending party to use the witness at trial unless the "failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Under this rule, a court has discretion to impose this sanction or other sanctions. *Id*.

Defendant's response to the motion includes a claim that plaintiff did not provide requested discovery in a timely fashion and, therefore, defendant was

impeded in having the report prepared.[1]  (Dkt. 46, pp. 3-8).  Defendant also contends that, given that the trial date in this case is not until at least March of 2010, plaintiff has not suffered any real prejudice because defendant is willing to extend the discovery deadlines for the expert witness beyond the currently set discovery deadline of August 17, 2009.

      The undersigned concludes that defendant has failed to comply with the requirements of the scheduling order, that it agreed to, regarding the disclosure of its expert witness.  While defendant disclosed the name of its expert witness by the April 6, 2009 deadline, the name of the expert without the report is of little value to the opposing party.  Defendant's argument that the scheduling order did not include the requirement that the report must be provided at the time the name of the witness is disclosed is unavailing because the rule clearly states that the report must be provided when the witness is identified, unless the court orders otherwise. With respect to defendant's argument that plaintiff's failure to provide discovery prevented the preparation of the report, during oral argument, defendant's counsel was invited to specify what part of the expert's report was negatively impacted by

---

[1] Defendant had filed a motion to compel (Dkt. 35) in which it made some of the arguments made in the present motion regarding plaintiff's alleged failures relating to discovery.  The motion was denied on June 17, 2009.  (Dkt. 61).

4

the allegation of late discovery response and counsel was unable to point to any part of the expert's report that was so affected.

Without any substantial justification for the untimely disclosure of the expert's report, the undersigned believes that sanctions are appropriate, although outright exclusion of defendant's expert witness seems too harsh of a sanction, if defendant can produce the report forthwith, given that the trial in this matter is not scheduled until at least March of 2010. At oral argument, defendant was ordered to provide the expert witness report to plaintiff on or before August 18, 2009. If defendant did not provide the report to plaintiff by that date, the motion to exclude will be granted.[2] If the report was provided as previously ordered at oral argument, the witness will not be excluded. Additionally, if the report was provided as ordered, the discovery period regarding expert witnesses will be extended to October 19, 2009, and, as a monetary sanction, defendant will be required to pay the fee of its expert witness for attending plaintiff's deposition of defendant's expert.

**IT IS SO ORDERED**.

---

[2] If defendant did not provide the report to plaintiff by August 18, 2009, plaintiff will have to certify, in writing, that the report was not provided and another order will be entered excluding the witness as originally requested.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), objections must be served on this Magistrate Judge.

Date: August 25, 2009                                  s/Michael Hluchaniuk                   
                                                                       Michael Hluchaniuk
                                                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 25, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Edward T. Sable, Daniel W. Linna, Jr., Andrew A. Paterson, Jr., James K. Roosa, and Peter F. Ewasek.

                                                                        s/James P. Peltier                     
                                                                        Courtroom Deputy Clerk
                                                                        U.S. District Court
                                                                        600 Church Street
                                                                        Flint, MI 48502
                                                                        (810) 341-7850
                                                                        pete_peltier@mied.uscourts.gov